409 So.2d 139 (1982)
Kris KOURTIS, Appellant,
v.
EASTERN AIRLINES and Florida Commission On Human Relations, Appellees.
No. 80-2189.
District Court of Appeal of Florida, Fourth District.
January 27, 1982.
*140 Cristina DeOliveira of Law Office of Irving Weinsoff, Miami, for appellant.
Robert C. Owens and Ella K. Solomons, Miami, for appellee-Eastern Airlines.
Aurelio Durana, Asst. Gen. Counsel, Tallahassee, for appellee-Florida Commission on Human Relations.
DOWNEY, Judge.
This appeal concerns an order of the Florida Human Relations Commission (the Commission) denying appellant's complaint based on discrimination due to age and handicap, and denying a petition for re-determination.
Appellant, age sixty-one, was employed by appellee, Eastern Airlines, since 1949. He worked as a Senior Work Controller in Eastern's Operations Service Department in Miami, Florida. While on four month sick leave, he was notified that he was being "surplussed" and upon return to work he was formally notified that his position was being eliminated. Eastern intended to place Kourtis on a Special Assignment team with no loss of salary or benefits while Eastern attempted to place him in a new permanent position. However, Kourtis advised Eastern that he elected to take severance pay and early retirement. Several days later Kourtis filed a complaint with the United States Department of Labor, alleging that he had been discriminated against because of his age. The Department of Labor investigated Kourtis's claim and found it to be without merit. Subsequently, Kourtis initiated this proceeding by filing a complaint with the appellee, Florida Human Rights Commission, pursuant to Part IX of Chapter 23, Florida Statutes (1979). The complaint was dismissed as untimely, whereupon Kourtis filed a petition for re-determination. A hearing was held thereon, argument of counsel considered and the petition denied.
Appellant has posed four questions for our consideration, all of which we have duly considered. However, we find no reversible error demonstrated by any of said questions. The Commission dismissed appellant's complaint because it was not timely filed. Part IX of Chapter 23, Florida Statutes, requires that any person who is aggrieved by a violation of the Act may file a complaint with the Commission within 180 days of the alleged violation. This period of time was not tolled by the filing of a complaint with the United States Department of Labor. Nor do we believe that instructions given appellant by labor department personnel can be used to estop the Florida Human Relations Commission from enforcing the time periods provided in the statute.
Having fully considered appellant's contentions and having found no error demonstrated, we affirm the order appealed from.
LETTS, C.J., and ANSTEAD, J., concur.