**Elizabeth M. SMITH, Plaintiff,**

**v.**

**LAKE CITY NURSING HOME, City of Lake City, Richard Abraham, and Donna Van Loon, Defendants.**

**Civ. No. 3–90–486.**

United States District Court,
D. Minnesota,
Third Division.

Aug. 30, 1991.

Jeff M. Zalasky, Minneapolis, Minn., for defendants City of Lake City, Lake City Nursing Home, Robert Abraham and Donna Van Loon.

Joseph D. Vass, Maplewood, Minn., for plaintiff Elizabeth M. Smith.

### MEMORANDUM AND ORDER

RENNER, District Judge.

### BACKGROUND

This motion for summary judgment raises the issues of whether the acceptance of workers compensation or the failure to exhaust administrative remedies bars recovery for disability discrimination under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Lake City Nursing Home employed Elizabeth Smith as a licensed practical nurse. The City of Lake City is a municipality in Minnesota which owns, manages, and oper-

ates the nursing home. The individual defendants, Richard Abraham and Donna Van Loon, were, respectively, the City Administrator and the Administrator of the nursing home.

In May of 1988, Smith slipped while cleaning a bathroom in the nursing home. The resultant injuries limited her ability to work. From December through March of 1990, she could perform only very light duties for only one hour per day or less.

In March of 1990, defendants excused plaintiff from work so that she could devote full attention to an intensive rehabilitation program. Because of her progress, plaintiff's Qualified Rehabilitation Consultant, physical therapist, and physician recommended that Smith return to her job on a phased schedule with some work restrictions. According to this plan, Smith would work four hours per day during her first week back, six hours per day in the second week, and eight hours per day thereafter.

Defendants refused to accommodate the recommended work restrictions. Plaintiff contends that all parties involved, including the defendants and their insurer, regarded this decision as effectively terminating her employment. Defendants maintain that Smith's employment did not end until she resigned, and that she did so without making use of the grievance procedure available under her collective bargaining agreement.

Smith has received and continues to receive compensation pursuant to Minnesota's Workers Compensation Act ("WCA") Minn.Stat. § 176.001 *et seq.* This compensation includes a portion of the difference between her former salary and the salary she presently earns as a receptionist for a chiropractor's office.

Smith attempted to file a charge with the Minnesota Department of Human Rights, but it was dismissed for lack of jurisdiction. She then filed this action. Count One of the complaint states a claim under Section 504 of the Rehabilitation Act for failure to reasonably accommodate her disability. Count Two seeks relief under 42 U.S.C. § 1983 for deprivation of property without due process of law.

Defendants' Motion for Summary Judgment challenges both of these claims on the grounds that they are barred by the exclusive remedy clause of the WCA and that Smith has failed to exhaust her administrative remedies. In addition, defendants deny that they deprived Smith of any property interest without providing all the process that was due.

DISCUSSION

I. Workers' Compensation as the Exclusive Remedy

■ The exclusive remedy provision of Minnesota's Workers Compensation Act states, in part:

The liability of an employer by this chapter is exclusive and in place of any other liability to such employee, ... or other person entitled to recover damages on account of such injury or death.

Minn.Stat. § 176.031. The Minnesota Supreme Court has ruled that this provision precludes any liability for disability discrimination under the Minnesota Human Rights Act. *Karst v. F.C. Hayer Co., Inc.,* 447 N.W.2d 180 (Minn.1989).

Defendants argue that the exclusive remedy provision in the Minnesota WCA precludes liability under federal law as well. They begin by analyzing the relevant statutes to show that federal law does not preempt state civil rights law.

The remedies for disability discrimination are those "set forth in Title VI of the Civil Rights Act of 1964." 29 U.S.C. § 794a(a)(2). On the issue of preemption, the Civil Rights Act of 1964 provides:

Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field on which any such title operates to the exclusion of state laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of state law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof.

42 U.S.C. § 2000h–4.

In applying this provision, the Court of Appeals for the Eighth Circuit has ex-

plained that "Congress intended the federal antidiscrimination system to defer to state systems where possible." *Swenson v. Management Recruiters International, Inc.,* 858 F.2d 1304 (8th Cir.1988), *cert. denied* 493 U.S. 848, 110 S.Ct. 143, 107 L.Ed.2d 102 (1989).

Plaintiff argues that the Supremacy Clause prevents state interference with federal civil rights remedies. The United States District Court for the District of Wisconsin reached this conclusion where an employer argued that the Wisconsin Workers Compensation Act precluded liability under Section 504. *Byrne v. Board of Education, School District of West Allis–West Milwaukee,* 53 FEP Cases 551, 1989 WL 120646 (E.D.Wisc.1989).

Defendants attempt to distinguish this case by noting that Minnesota provides far more relief to injured workers than does Wisconsin. They maintain that the Minnesota WCA is a sufficient remedy for disability discrimination.

Several courts have held that the exclusive remedy clauses of state workers compensation statutes cannot bar claims under federal civil rights laws. *Rosa v. Cantrell,* 705 F.2d 1208 (10th Cir.1982); *Walker v. Rowe,* 535 F.Supp. 55 (N.D.Ill.1982); *Hutchings v. Erie City,* 516 F.Supp. 1265 (W.D.Pa.1981).

The Supreme Court has explained that "legislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination." *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Furthermore, federal civil rights statutes are "designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination." *Id.; Swenson,* 858 F.2d 1304.

Under these principles, the federal remedy for disability discrimination cannot be limited by a state workers compensation act. Although the Minnesota WCA provides some relief for discrimination against an injured employee, Section 504 of the Rehabilitation Act creates a supplemental remedy for disability discrimination.

## II. Exhaustion of Administrative Remedies

■ Defendants move for summary judgment on both claims on the grounds that Smith failed to exhaust her administrative remedies. She responds that while plaintiffs suing the United States under Section 504 must exhaust administrative remedies, those suing recipients of federal assistance need not.

The Eighth Circuit has explained that: In cases where the federal government is not a defendant, several courts have held that exhaustion is not required because Title VI remedies do not provide individual relief ... In cases involving the federal government, however, courts have required exhaustion of Title VII remedies in § 504 actions ... The difference appears to lie with the identity of the defendant ...

*Morgan v. United States Postal Service,* 798 F.2d 1162 (8th Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794. Indeed, the case cited by the defendant to show that exhaustion is required was brought against the Department of the Army. *Gardner v. Morris,* 752 F.2d 1271 (8th Cir.1985).

Plaintiff is not required to exhaust administrative remedies prior to bringing a Section 504 claim against a recipient of federal assistance. Furthermore, there is no need no exhaust state remedies prior to seeking relief under Section 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

## III. Due Process

■ Plaintiff's due process claim is based on her property right in continued public employment. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1972). Defendants argue that they did not deprive her of any property right, because Smith voluntarily left her job without exercising pre-termination rights available to her under her collective bargaining agreement,

the Public Employees Labor Relations Act, and the Workers Compensation Act.

Defendants' argument assumes that they did not terminate plaintiff's employment. In her affidavit, Smith states that after the nursing home informed her that she could return to work only as a full time employee with no restrictions, she telephoned her immediate supervisor who said she was "done" as an employee. These allegations raise a genuine issue of fact as to whether defendants terminated plaintiff without any pre-termination hearing.

## ORDER

Based on the foregoing and on the entire file and record, it is HEREBY ORDERED that defendants' motion for summary judgment is DENIED.