**Luqman Abdul ALI, Plaintiff,**

v.

**CITY OF CLEARWATER, a municipal corporation, Defendant.**

**Civ. No. 92-790-CIV-T-17A.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 20, 1992.

Jawdet I. Rubaii, Law Office of Jawdet I. Rubaii, Clearwater, FL, for plaintiff.

Mark A. Hanley, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendant.

## ORDER ON MOTION TO DISMISS AND STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss Counts I, II, III, IV, and V and/or motion to strike Counts I, II and IV for compensatory damages or jury trial. The motions were filed on July 6, 1992 and response thereto, was filed on July 22, 1992.

### BACKGROUND

Complaint in this case was filed June 11, 1992, against the City of Clearwater. The complaint contains the following counts: 1) handicap discrimination pursuant to § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 (wrongful termination and failure to accommodate employee); 2) intentional handicap discrimination in violation of 29 U.S.C. § 794 (failure to give employee another position); 3) handicap discrimination in violation of 42 U.S.C. § 1983 and contrary to 29 U.S.C. § 794; 4) handicap discrimination in violation of the Florida Human Rights Act of 1977, as amended § 760.10, *Fla.Stat.* (1991), and Article I, Section 2 of the Florida Constitution (failure to accommodate employee); and 5) denial of equal protection pursuant to 42 U.S.C. § 1983 because of handicap.

According to the complaint, Plaintiff was employed as a Maintenance Worker I for the Defendant, the City of Clearwater. During the time of his employment with the City of Clearwater, he was involved in an automobile accident while off duty, July 27, 1988. He suffered injury. At the time the accident occurred, he was assigned to beach maintenance duty; and after the accident occurred, the Plaintiff returned to work as a Maintenance I worker on beach maintenance duty. Subsequently, however, he was assigned to a concrete crew which required him to perform heavy duty work. Plaintiff alleges that the heavy duty work aggravated his injuries.

The complaint states that Plaintiff notified his crew leader that the heavy duty work aggravated the injuries he sustained in the accident. The crew leader then re-

ported Plaintiff's injuries to the Supervisor I, on at least three occasions. The Supervisor I in turn, notified the Supervisor II, but the Plaintiff's complaint was ignored. Finally, Supervisor II notified the assistant superintendent and Plaintiff was then placed on light duty work.

Before the City of Clearwater would allow Plaintiff to continue working, it required the Plaintiff to obtain a medical certificate from a medical doctor regarding his physical condition. Basically, Plaintiff avers that the requirement to provide a medical certificate was a pretext to discriminate against him on the basis of his handicap. Because he was, at all times, unable to afford the medical certificate, he was wrongfully terminated by the City of Clearwater.

## STANDARD

█ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

█ Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters", and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla. 1978), citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and can not consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.*, 518 F.Supp. 957, 959 (E.D.Wis.1981).

## ADMINISTRATIVE EXHAUSTION AND REMEDIES UNDER SECTION 504 AND THE FHRA

### SECTION 504

*Administrative Exhaustion*

As to Counts I and II, the City of Clearwater asserts that private individuals, such as Plaintiff, must exhaust their administrative remedies prior to bringing suit under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* In support of its position, the City of Clearwater relies on *Doe v. Garrett*, 903 F.2d 1455 (11th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1102, 113 L.Ed.2d 213 (1991), and other circuit court decisions holding that a federal employee must exhaust his administrative remedies prior to bringing suit against the government under the Rehabilitation Act. *See Morgan v. U.S. Postal Service*, 798 F.2d 1162 (8th Cir.1986), *cert. denied*, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987); *Smith v. U.S. Postal Service*, 766 F.2d 205 (6th Cir.1985). However, the procedures set forth for federal employees are contained in different sections of the Rehabilitation Act than the procedures for non-federal employees. Section 501 of the Rehabilitation Act specifically addresses federal employees, while Section 504 applies to employees of any program or activity receiving federal financial assistance. Section 501 adopts the enforcement procedures contained in Title VII, whereas Section 504 adopts the enforcement procedures contained in Title VI. *Compare* 29 U.S.C. § 794a(a)(1) (referring to 42 U.S.C. § 2000e–16 and 2000e–5(f) through (k)) *with* 29 U.S.C. § 794a(a)(2) (referring to 42 U.S.C. § 2000d *et seq.*). Unlike Title VII, Title VI does not explicitly require the exhaustion of administrative remedies. *See* 42 U.S.C. § 2000e–16(c).

Although the Eleventh Circuit has yet to directly decide whether a non-governmental employee must first exhaust his administrative remedies before filing suit for an alleged violation of § 504 of the Rehabilitation Act, the question was answered in the negative by the Fifth Circuit in *Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir.1980), *judgment vacated on other*

**704**

*grounds,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981).[1] The *Camenisch* court found that the reasoning in *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), applied to Section 504 cases. In *Cannon,* the Supreme Court determined that an implied private right of action existed under Title IX that did not require individuals to exhaust available administrative procedures.

Administrative exhaustion was not required because 1) the complaint procedures did not allow the complainant to participate in the administrative investigation or subsequent enforcement proceedings and 2) the ultimate remedy available through administrative channels—a complete cut-off of federal funds to the institution—would not provide relief for an injured claimant.

*Byers v. Rockford Mass Transit Dist.,* 635 F.Supp. 1387 (N.D.Ill.1986) (citing *Cannon,* 441 U.S. at 704–06, 99 S.Ct. at 1962–63; *Camenisch,* 616 F.2d at 135). Similarly, HEW administrative procedures did not provide adequate relief for the plaintiff in Camenisch claiming under § 504. The court therefore, determined that, because both Title IX and § 504 refer to Title VI enforcement procedures, an exhaustion of administrative remedies was not required under § 504. For similar reasons, many federal courts have held that a private individual may sustain an action under § 504 of the Rehabilitation Act without exhaustion of administrative remedies. *See, e.g., Pushkin v. Regents of the University of Colorado,* 658 F.2d 1372 (10th Cir.1981); *Smith v. Barton,* 914 F.2d 1330 (9th Cir. 1990); *Rothschild v. Grottenthaler,* 716 F.Supp. 796 (S.D.N.Y.1989); *Byers v. Rockford Mass Transit Dist.,* 635 F.Supp. 1387 (N.D.Ill.1986); *Smith v. City Lake Nursing Home,* 771 F.Supp. 985 (D.Minn.1991).

■ This Court agrees. The law is clear that an individual claimant under § 504 does not have to exhaust administrative remedies prior to bringing suit. Accordingly, Counts I and II will not be dismissed for failure to exhaust administrative remedies.

*Remedies*

This same reasoning may be applied to determine whether compensatory damages and trial by jury are afforded to a claimant under Section 504. In *Franklin v. Gwinett County Public Schools,* —— U.S. ——, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Supreme Court reversed the Eleventh Circuit and held that damages are available to a claimant alleging intentional discrimination under Title IX. "The long standing general rule is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute." *Id.* at 102 (citing *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). The court, relying on *Guardians Assn. v. Civil Service Comm'n of New York,* 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983) and *Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984), stated that the general rule in *Bell* had not been eroded.

In fact, those cases support it, since a clear majority in *Guardians,* expressed the view that damages were available in an action seeking remedies for an intentional violation of a statute closely analogous to Title IX, while a unanimous Court in Darrone held that another such statute authorized the award of back pay.

*Franklin,* —— U.S. at ——, 112 S.Ct. at 1031 (citations omitted).

■ The *Darrone* court applied Title VI to a Section 504 claim and a plurality of the Supreme Court in *Guardians* stated that "in cases where intentional discrimination has been shown, ... it may be that the victim of the intentional discrimination should be entitled to a compensatory award ..." *Guardians,* 463 U.S. at 597, 103 S.Ct. at 3229.

Thus, it would seem from a reading of *Franklin,* that because the remedy provi-

---

1. In *Doe v. Garrett,* the Eleventh Circuit noted that as a general matter, Title VI—and by extension section 794—did not incorporate Title VII's requirement of exhaustion of administrative remedies. *Garrett,* 903 F.2d at 1455.

sion of Section 504, Title VI, is silent on the appropriate relief available, the federal courts have the power to award any appropriate relief in a cognizable claim brought pursuant to 29 U.S.C. § 794a(a)(2). Furthermore, the *Franklin* Court's reliance on *Guardians* and *Darrone* make it clear that Section 504 should be interpreted similarly to Title IX; that is, in cases of intentional discrimination, damages are not limited to those equitable in nature. *See also Greater Los Angeles Council on Deafness v. Zolin,* 812 F.2d 1103 (9th Cir.1987); *Cortes v. Bd. of Governors,* 766 F.Supp. 623 (N.D.Ill.1991). *But Cf. Shuttleworth v. Broward County,* 649 F.Supp. 35 (S.D.Fla. 1986) (Claimant under § 504 limited to equitable monetary damages similar to those recoverable under Title VII).[2]

■ Additionally, the City of Clearwater asserts that Plaintiff's demand for jury trial should be stricken. This Court agrees with the Ninth Circuit decision in *Smith,* 914 F.2d at 1338. Section 504 itself does not provide a right to jury trial; however, where the damages are legal in nature, a Plaintiff's right to jury trial arises under the Seventh Amendment. "Section 504 'actions seeking only equitable relief[, on the other hand,] will be unaffected, and preliminary injunctive relief remains available without a jury trial even in damage actions.'" (citing *Curtis v. Loether,* 415 U.S. 189, 198, 94 S.Ct. 1005, 1010, 39 L.Ed.2d 260 (1974)). The City of Clearwater's motion to strike Counts I (¶ 20.), II (¶ 24.) and the demand for jury trial (Count V, ¶.) is therefore denied.

## THE FHRA

### *Administrative Exhaustion*

■ The City of Clearwater contends that Count IV of Plaintiff's complaint alleging a cause of action under the Florida Human Rights Act of 1977 (hereinafter FHRA), as amended 760.10, Fla.Stat. (1991), should be dismissed because Plaintiff failed to file an administrative complaint with the Florida Commission on Human Relations (hereinafter FCHR). Sec-

tion 760.10 of the FHRA provides, in pertinent part, as follows:

(10) Any person aggrieved by a violation of this section may file a complaint with the commission within 180 days of the alleged violation ...

(12) In the event that the commission fails to conciliate or take final action on any complaint under this section within 180 days of filing, an aggrieved person may bring a civil action ...

(13) In the event that the commission, in the case of a complaint under subsection (10), or the court, in the case of a civil action under subsection (12), finds that an unlawful employment practice has occurred, it shall issue an order prohibiting the practice and providing affirmative relief from the effects of the practice, including reasonable attorney's fees ...

760.10(10), (12), (13) *Fla.Stat.* (1991). Counsel has neither submitted nor has the Court found any existing caselaw which interprets the FHRA on this issue. However, upon a plain reading of the statute and construing Subsections (10), (12), and (13) together, the Court finds that it is necessary to file a charge of discrimination with the Florida Commission on Human Relations prior to bringing a private civil action under the FHRA.

Although Subsection (10) states that a person "may" file a complaint with the FCHR, Subsection (12) proceeds to state that upon a failure of agency action a civil suit may be brought in any court of competent jurisdiction. Reading these provisions in conjunction with one another, Subsection (10) states that the complaint should be filed within the 180 day time frame. Any failure to file within this period would result in an untimely action. *Thompson v. Xerox Corp.,* No. 90–574–CIV–J–16, 1991 WL 119114, at *2 (M.D.Fla.1991), *aff'd,* 958 F.2d 1083 (11th Cir.1992); *See generally Kourtis v. Eastern Airlines,* 409 So.2d 139 (Fla. 4th DCA 1982) (failure to file with the FHRC within 180 days of the alleged viola-

---

**2.** As stated previously, Title VI and Title VII differ in their enforcement procedures. Title

VII also explicitly states the damages available, whereas Title VI does not.

tion resulted in dismissal).[3] This interpretation of Subsections (10) and (12) is consistent with the language contained in Subsection (13). Under Subsection (13), relief may be provided once complainant has filed a complaint with either the FHRC under Subsection (10) or a court or competent jurisdiction, subsequent to agency action under Subsection (12).

Because Plaintiff has failed to allege an exhaustion of administrative remedies under the FHRA, Count IV of Plaintiff's complaint is dismissed.

### Remedies

The City of Clearwater has requested that Count IV of Plaintiff's complaint requesting compensatory damages (¶ 41.) and a jury trial (Count V, ¶ H.) under the FHRA be stricken. The Court has granted the City of Clearwater's motion to dismiss Count IV in its entirety, and, accordingly, the motion to strike is denied as moot.

### 42 U.S.C. § 1983

In Counts III and V, Plaintiff alleges that the City of Clearwater discriminated against him in violation of 42 U.S.C. § 1983. Plaintiff asserts that according to the standards announced in *Conley v. Gibson, supra*, 355 U.S. at 45–46, 78 S.Ct. at 101–102, and *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), only two allegations are required by the Plaintiff in order to state a cause of action under § 1983. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under state or territorial law." *Gomez*, 446 U.S. at 640, 100 S.Ct. at 1923.[4]

It is undisputed that municipalities, such as the City of Clearwater, are "persons" within the meaning of § 1983. (Def's Mem.Supp.Mot.Dismiss at 3.) *See also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Plaintiff also claims that there has been a deprivation of a federal right. Count III is based on a statutory violation of 29 U.S.C. § 794 and Count V is based on a constitutional violation of the Equal Protection clause of the Fourteenth Amendment of the United States Constitution. (Comp. ¶¶ 28, 43.) Additionally, Plaintiff asserts in Count III that the City of Clearwater, acted under color of law, contrary to Article I, Section 2 of the Florida Constitution and Fla.Stat. 760.10, by discriminating against Plaintiff on the basis of handicap. (Comp. ¶¶ 28, 31.) Plaintiff therefore satisfies the basic pleading requirements as set forth in § 1983 and *Gomez*.

Gomez, however, is distinguishable from the present case. Gomez involved an action against a public official whose position possibly entitled him to qualified immunity. The Supreme Court held that qualified immunity was an affirmative defense, the burden of which, rested on the defendant to plead. 446 U.S. at 640–1, 100 S.Ct. at 1923–4. The instant case differs considerably. The Plaintiff has brought the present action against a municipality, the City of Clearwater, not a public official.

As Defendant correctly asserts, a plaintiff must also allege in his complaint that a defendant municipality has acted in accordance with a government policy or custom. In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018,

---

**3.** This holding is consistent with this Court's opinion in *Trumbull v. Health Care and Retirement Corp. of America*, 756 F.Supp. 532 (M.D.Fla.1991). In *Trumbull*, this Court construed 760.10(12), Fla.Stat. (1991), stating that "[t]o bring private civil action under the FHRA, a plaintiff *must* file a charge of discrimination with the Florida Commission On Human Relation ... This charge *must* be filed within 180 days following the alleged unlawful employment practice." *Id.* at 535 (emphasis added) (citations omitted). *See also Dykes v. Quincy*

*Telephone Co.*, 539 So.2d 503 (Fla. 1st DCA 1989) (Zehmer, J., concurring).

**4.** Section 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges, or immunities secured by the constitution and the law, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress."

56 L.Ed.2d 611 (1978), the Supreme Court rejected municipality liability based on the theory of respondeat superior and concluded that:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694, 98 S.Ct. at 2037. Thus, the policy or custom requirement may be viewed as alternative theories of liability. They are properly included in Plaintiff's complaint as a substitute for the doctrine of respondeat superior. The Court finds this view to be compatible with the Supreme Court's opinion in *City of Oklahoma v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); and *Collins v. City of Harker Heights,* —— U.S. ——, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).[5] Plaintiff has failed to allege that the City of Clearwater acted in accordance with a custom or policy, and, accordingly, Counts III and V are dismissed.

For all the foregoing reasons, it is hereby

ORDERED and DECREED that:

1. Motion to Dismiss Counts I and II be denied and the motion to strike damages and jury trial be denied.

2. Motion to Dismiss Count IV be granted and the motion to strike damages and jury trial be denied, as moot.

3. Motion to Dismiss Counts III and IV be granted and Plaintiff shall have ten (10) days from the date of this order to file an amended complaint.

DONE and ORDERED.

---

**5.** Justice Stevens, writing for the Court, stated that in determining municipal responsibility "[i]t was necessary to analyze whether execution of a municipal policy inflicted the injury in these cases because, unlike ordinary tort litigation, doctrine of respondeat superior was inapplicable." *Collins,* —— U.S. at ——, 112 S.Ct. at 1061.