Arthur R. WILLIAMS, Jr., et al., Plaintiffs,

v.

**ECKERD FAMILY YOUTH ALTERNATIVE,** Defendant.

No. 95–15–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Nov. 27, 1995.

W. Reynolds Allen, Kevin O'Toole, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, for defendant.

## AMENDED ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following Motions and responses:

1. Defendant's Motion to Strike all references to the Florida Civil Rights Act from the Complaint, (Dkt. No. 5).

2. Defendant's Motion to Strike exhibits to plaintiff's response to Motion for Partial Summary Judgment response (Dkt. No. 37).

3. Defendant's Motion for Partial Summary Judgment, (Dkt. No. 24), and response thereto (Dkt. No. 35).

The Court issues this Amended Order to correct the section on Defendant's Motion to Strike references to the Florida Civil Rights Act.

## BACKGROUND

Plaintiffs, Arthur R. William, Jr. ("Williams"), Richard P. DeWitt ("DeWitt") and Charles W. Beaudoin ("Beaudoin") filed a Complaint against Defendant, Eckerd Family Youth Alternatives, Inc., ("EFYA") under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992. Plaintiffs' Complaint contains claims of racial harassment, race discrimination and retaliation.

A recitation of Plaintiffs' employment history is relevant in determining whether to grant Defendant's Motions. Plaintiffs' claims arise out of their employment with Defendant at Defendant's facility called the Challenge Program in Brooksville, Florida.

The three Plaintiffs worked the night shift at the facility, and Plaintiff DeWitt was the night shift supervisor. Plaintiffs allege that on or about September 6, 1993, Plaintiffs received in their mailboxes threatening letters stating, "We are tired of you whites and you have three weeks to quit while you are still healthy." (Complaint, Par. 23, p. 8). Subsequent to receipt of such letters, Plaintiffs contacted the Sheriff's Office, which

Ronald W. Fraley, Fraley & Fraley, P.A., Tampa, FL, for plaintiffs.

then commenced an investigation at the Challenge Program facility. After the Sheriff's Office was contacted, Plaintiff DeWitt received a letter dated September 7, 1993 from Mr. Ron Stepanik, Defendant's Director of Juvenile Justice Services. The letter informed DeWitt:

> That only supervisory staff may call out a law enforcement agency and that this would only happen if we experienced an escape. Any other contact with law enforcement requires prior approval from the Director, Acting Director, Program Coordinator, Director of Juvenile Justice or the EYDC Superintendent (Dkt. No. 36, Exhibit B).

Plaintiffs allege that, subsequent to the report of the threatening letters to the Sheriff's Office, and Stepanik's instruction, and in absence of any investigation into the death threat, they felt threatened. On September 15, 1993, Plaintiffs sent a letter to Carol Hickman, Interim Program Director, informing her that they would take a leave of absence, alleging fear of injury. On September 17, 1993, Plaintiff DeWitt received a letter from Mr. Stepanik terminating his employment. On September 21, 1993, Plaintiffs, Williams and Beaudoin, were placed on "inactive" status.

## MOTION TO STRIKE ALL REFERENCES TO THE FLORIDA CIVIL RIGHTS ACT

■ Federal Rule of Civil Procedure 12(f) provides that, upon motion, the Court may order stricken from a pleading an insufficient defense or an immaterial matter. The Court has broad jurisdiction when considering a motion to strike under this rule. *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992 (M.D.Fla.1976). Although motions to strike on the grounds of insufficiency, immateriality, irrelevancy and redundancy are often considered "time wasters," courts will grant such motions where "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978), citing *Augustus v. Board of*

*Public Instruction*, 306 F.2d 862 (5th Cir. 1962).

■ Defendant moves this Court to strike all references to the Florida Civil Rights Act from Plaintiffs' Complaint. Plaintiffs have filed a three count Complaint alleging claims for racial harassment, race discrimination, and retaliation. In paragraph 1 of the Complaint, Plaintiffs allege that their Complaint is brought under Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e–5, as amended, and the Florida Civil Rights Act of 1992, § 760.10, Fla.Stat. (1993).

■ In order for Plaintiffs to maintain a claim under Chapter 760, § 760.10 (Fla.Stat. 1993), the Florida Civil Rights Act, Defendant contends that Plaintiffs must first file a charge of discrimination with the Florida Commission on Human Relations, and exhaust their administrative remedies.

In *Ali v. City of Clearwater*, 807 F.Supp. 701, 703 (M.D.Fla.1992), this Court held that under Florida law, an employee was required to exhaust state administrative remedies before bringing state law claim for handicap discrimination. Florida Statutes, § 760.10 (1995) states, in pertinent part, as follows:

> (10) Any person aggrieved by a violation of this section may file a complaint with the commission within 180 days of the alleged violation ...
>
> (12) In the event that the commission fails to conciliate or take final action on any complaint under this section with 180 days of filing, an aggrieved person may bring a civil action....

In reading subsection (10) and (12) in conjunction with one another, subsection (10) states that the complaint should be filed within the 180 day time frame. Failure to file within this time period would result in an untimely action. *Ali v. City of Clearwater*, 807 F.Supp. 701, 705 (M.D.Fla.1992), citing *Thompson v. Xerox Corp.*, No. 90–574–CIV–J–16, 1991 WL 119114 at 2 (M.D.Fla.1991) *aff'd*, 958 F.2d 1083 (11th Cir.1992); *See generally Kourtis v. Eastern Airlines*, 409 So.2d 139 (Fla. 4th DCA 1982) (failure to file with the Florida Commission on Human Relations within 180 days of the alleged violation resulted in dismissal).

Plaintiffs have not alleged that they have filed a charge with the Florida Commission on Human Relations. As a result, Plaintiffs are not entitled to seek relief in this Court under the Florida Civil Rights Act.

## MOTION TO STRIKE EXHIBITS TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Defendant moves this Court to strike certain attachments to Plaintiffs' Memorandum of Law in opposition to Defendant's Motion for Partial Summary Judgment. The exhibits sought to be stricken are the offense incident report (Exhibit A to Plaintiffs' memorandum of law), and the letter dated September 15, 1983 (Exhibit C to Plaintiffs' Memorandum of Law) (Dkt. No. 36). As grounds therefore, Defendant alleges that the exhibits are not authenticated by any witness, and are not probative of the matters argued by Plaintiffs.

■ This Court recognizes that for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit that meets the requirements of the summary judgment rule. Federal Rules of Civil Procedure, Rule 56(e). Additionally, the affiant must be the person through whom the exhibits could be admitted into evidence. *Burnett v. Stagner Hotel Courts, Inc.*, 821 F.Supp. 678, 679 (N.D.Ga.1993). Otherwise such exhibits and other similar papers should be admitted in accordance with the Federal Rules of Evidence. *Smith v. Sentry Ins.*, 674 F.Supp. 1459, 1463 (N.D.Ga.1987).

This Court notes that Plaintiffs have filed proper authentication of Exhibits A and C on September 18, 1995. Accordingly, Defendant's Motion to Strike Exhibits A and C is denied.

## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE RETALIATION CLAIM

■ Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985).

In *Celotex*, the United States Supreme Court held:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of a element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

The Court also stated: "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (citation omitted).

In *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir.1990), the court recognized that the summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 1080 (citing *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2554–55.). The court further stated that "[s]ummary judgments for defendants are not rare in employment discrimination cases" and that if a plaintiff has failed to carry his burden of proof by offering evidence that is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 1080–1081.

## DISCUSSION

■ In order to make a *prima facie* case of retaliation, a plaintiff must establish: (1) statutorily protected expression, (2) ad-

verse employment action, and (3) causal link between the protected expression and the adverse action. *Goldsmith v. City of Atmore,* 996 F.2d 1155 (11th Cir.1993). To establish "the causal link" a plaintiff need only establish that the protected activity and adverse action were not wholly unrelated. *E.E.O.C. v. Reichhold Chemicals, Inc.,* 988 F.2d 1564, 1571–72 (11th Cir.1993).

■■■ Once the plaintiff has established his *prima facie* case, the defendant may come forward with legitimate reasons for the employment action to negate the inference of retaliation. If the defendant offers legitimate reasons for the employment action, the plaintiff then has the burden of proving by a preponderance of the evidence that the reasons offered by the defendant are pretextual. *Id.* at 1572.

In the instant case, Plaintiffs allege that their report and participation in the investigation regarding the racial threat of violence constituted protected opposition conduct. In support of their allegation, Plaintiffs cite *Robinson v. Southeastern Pennsylvania Transp. Authority,* 982 F.2d 892, 896 (3rd Cir.1993). In *Robinson,* the court found that an employee's letter to management complaining of racism constituted protected opposition conduct. *Id.* at 897. Additionally, Plaintiffs cite *Wilson v. Wayne County,* 856 F.Supp. 1254 (M.D.Tenn.1994), in which the court found that the opposition protection of Title VII covers a variety of activities, such as notifying the district attorney of charges and contacting the Sheriff's department.

With regard to the second element of Plaintiffs' retaliation claim, Plaintiffs allege they suffered an adverse action as a result of their opposition conduct. Plaintiffs allege that Defendant's letter of September 7, 1993 to Plaintiff DeWitt constitutes the initial materially adverse change in their employment. In support of their argument, Plaintiffs cite *Morgan v. City of Jasper,* 959 F.2d 1542 (11th Cir.1992), in which the Eleventh Circuit Court of Appeals described the element of adverse action as requiring a showing that an employee "was disadvantaged by an action of the employer simultaneously with or subject to [the protected activity]."

Additionally, Plaintiffs allege that subsequent to Defendant's warning regarding future contact with law enforcement personnel, and in absence of any investigation into the death threat, Plaintiffs felt threatened, and therefore were forced to leave employment on or about September 15, 1993 pending satisfactory arrangements for their safety. Plaintiff DeWitt was terminated on September 17, 1993, and Williams and Beaudoin was placed on "inactive" status on September 21, 1993. Plaintiffs cite *Meeks v. Computer Assoc. Int'l,* 15 F.3d 1013 (11th Cir.1994), which holds that retaliatory conduct may also be evaluated in terms of whether an employee is constructively discharged.

■■■ With regard to the third element of their retaliation claim, Plaintiffs cite *Wrenn v. Gould,* 808 F.2d 493, 501 (6th Cir. 1987), which holds that a close proximity between opposition conduct and an adverse employment action is evidence of a "causal link." Evidence that an employer knows of an employee's protected activity, combined with a proximity in time between protected action and the allegedly retaliatory action, is sufficient to establish a *prima facie* case of retaliation. *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987). In this case, Plaintiffs allege the close proximity in time between Plaintiffs' complaint to the Sheriff's Office and Defendant and ensuing retaliatory action, is sufficient to withstand summary judgment regarding the issue of a causal link between the events.

In the Motion for Partial Summary Judgment, Defendant alleges that Plaintiffs claim they were discharged in retaliation for having filed an EEOC charge. Defendant further alleges Plaintiffs have failed to demonstrate the requisite nexus between filing a charge of discrimination with EEOC or any other agency and the decisions which were made concerning their employment status with Eckerd. Defendant alleges Plaintiffs have failed to show a *prima facie* case of retaliation.

In response to Defendant's Motion for Summary Judgment, Plaintiffs allege that the critical aspects of Plaintiffs' retaliation claim do not relate to retaliation for the filing of EEOC claims, but rather to their opposi-

tion conduct necessitated by receipt of the death threats.

 This Court believes resolution of the issue of the retaliation claim in this case will turn, in part, on the credibility of the testimony. "Credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). With this consideration in mind, this Court finds Plaintiffs' allegations of retaliation sufficient to survive Defendant's Motion for Summary Judgment.

Accordingly, it is **ORDERED** that the Motion to Strike all references to the Florida Civil Rights Act be **granted;** the Motion to Strike Exhibits be **denied;** and the Motion for Partial Summary Judgment be **denied.**

**DONE AND ORDERED.**