POLSTON, J.
The parties agree that, in view of the Florida Supreme Court’s ruling in Joshua v. City of Gainesville, 768 So.2d 432 (Fla. *270 2000), the trial court’s summary judgment in favor of appellee should be reversed to permit appellant’s state law claim under the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and federal law claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Accordingly, we reverse to permit these claims.
The remaining issue on appeal is whether appellant may amend his complaint to state an additional federal law claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794. Appellee argues that such a claim would be futile because appellant failed to exhaust his administrative remedies before attempting to amend his complaint to add the claim.
Contrary to appellee’s argument, we rule that appellant may amend his complaint to state a claim under the Rehabilitation Act of 1973 because there is not a requirement to exhaust administrative remedies for claims against a non-federal employer. See e.g., Ali v. City of Clearwater, 807 F.Supp. 701 (M.D.Fla.1992)(city employee not required to exhaust administrative remedies prior to bringing suit under Rehabilitation Act of 1973; collecting cases); Freed v. Consolidated Rail Coloration, 201 F.3d 188 (3d Cir.2000)(employee not required to exhaust administrative remedies against a non-federal employer prior to bringing suit under Rehabilitation Act of 1973; collecting cases from the First, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits). Accordingly, we also reverse on this remaining issue.
REVERSED and REMANDED.
WEBSTER and BROWNING, JJ., concur.