Devon **MORRISON**, Plaintiff,

v.

**EXECUTIVE AIRCRAFT REFINISHING, INC., and Mark Turi, individually, Defendants.**

No. 0481079CIVRYSKAMP.

United States District Court,
S.D. Florida,
West Palm Beach.

April 8, 2005.

*ORDER GRANTING IN PART AND DE-NYING IN PART PLAINTIFF'S MOTION TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES*

RYSKAMP, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Certain of Defendants' Affirmative Defenses [DE 12] filed on March 7, 2005. In that motion, Plaintiff requests that the Court strike Defendants' Fourth, Fifth, Sixth and Ninth Affirmative Defenses and require Defendants to amend their Second, Seventh and Eighth Affirmative Defenses.[1] Defendants filed a Response to Plaintiff's Motion to Strike Affirmative Defenses [DE 17] on March 28, 2005, and Plaintiff filed a Reply [DE 19] on April 7, 2005. The motion is now ripe for adjudication.

## I. Introduction

This is an action to recover alleged unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff was employed by Defendants as a painter from approximately January, 2003 through December, 2003. *See* Compl. [DE 1], at ¶ 20. Plaintiff alleges that he regularly worked over forty (40) hours per week and was not compensated time and a half wages accordingly. *See id.* at ¶¶ 21–22. In their Answer and Affirmative Defenses [DE 10], Defendants deny most of the allegations of the Complaint and offer ten affirmative defenses, including that Plaintiffs' claims are barred by: (1) Plaintiff's failure to provide notice of any unlawful practice; (2) Plaintiff's duty to mitigate damages; (3) "waiver, estoppel, laches, satisfaction, release or agreement"; and (4) setoff. *See* Ans. and Aff. Def. [DE 10], at 8–9. Plaintiff contends that these four affirmative defenses must be stricken because they are not recognized under the FLSA or are otherwise legally insufficient. Defendants also raise as affirmative defenses that: (1) Plaintiff and/or Defendants are not subject to the FLSA; (2) Plaintiff's damages are "restricted by the statutes and acts which form the basis for the cause of action"; and (3) Defendants did not wilfully violate the law; or alternatively, Defendants had a good faith belief that they were in compliance with the law. *Id.* Plaintiff contends that these three affirmative defenses are overly vague and must be amended.

## II. Discussion

The Court has broad discretion in considering a motion to strike under

---

1. In the conclusion section of its motion, Plaintiff moves the Court to require Defendants to amend their second, *third* and seventh affirmative defenses. However, the substance of the motion suggests that Plaintiff intended to refer to Defendants' second, seventh and *eighth* affirmative defenses. Mot. to Strike [DE 12], at 16.

Fed.R.Civ.P. 12(f). *See Williams v. Eckerd Family Youth Alternative,* 908 F.Supp. 908, 910 (M.D.Fla.1995). Rule 12(f) states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Thus, a defense will be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D.Fla.1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (citations omitted).

▬▬ In addition, affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires "a short and plain statement" of the asserted defense. Fed.R.Civ.P. 8(a). The rule does not obligate a defendant to set forth detailed and particular facts, but requires only that the defendant give "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On the other hand, the party raising the affirmative defense "must do more than make conclusory allegations." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D.Fla. 2002). Where the affirmative defenses are no more than "bare bones conclusory allegations, [they] must be stricken."[2] *Id.*

▬▬ By its very definition, "[a]n affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson–*

*Merrell, Inc.,* 647 F.Supp. 544, 547 (S.D.Ga.1986) (emphasis in the original). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir.1988). Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint. *See Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir.2001); *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll.,* 77 F.3d 364, 367 (11th Cir.1996).

The Court addresses each of Defendants' affirmative defenses in light of the standards stated above.

## A. Second Affirmative Defense

As their Second Affirmative Defense, Defendants assert:

> Plaintiff and/or Defendants are not subject to and/or are exempt under applicable statutes. Defendants was not a covered entity under the FLSA. Plaintiff does not have individual coverage under the FLSA. Defendant was not en [sic] employer and Plaintiff was not an employee as defined by the FLSA.

Ans. and Aff. Def. [DE 10], at 8.

▬▬ Plaintiff contends that Defendants should be required to list the specific exemptions that they claim are applicable in this case. The Court agrees. A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded

---

**2.** In *Microsoft Corp.,* the defendant "failed to allege any facts whatsoever in support" of its affirmative defense. *Microsoft Corp.,* 211

F.R.D. at 684. The court found that its affirmative defense fell "woefully short" of the liberal pleading requirements of Rule 8. *Id.*

or it will be deemed waived. *E.g., Schwind v. EW & Assocs., Inc.,* 357 F.Supp.2d 691 (S.D.N.Y.2005). Where a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense. *Id.* Therefore, the Court strikes the Second Affirmative Defense without prejudice, and grants Defendants leave to amend.

**B. Fourth Affirmative Defense**

■ As their Fourth Affirmative Defense, Defendants state that "[t]he action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice of any alleged unlawful pay practice." Ans. and Aff. Def. [DE 10], at ¶ 8. There is no requirement under the FLSA for a plaintiff to have provided notice of an alleged wage violation prior to bringing suit. An employee is only obligated to have given an employer notice for a claim brought under the FLSA's antiretaliation provision. *See* 29 U.S.C. § 215(a)(3); *Lambert v. Ackerley,* 180 F.3d 997, 1007 (9th Cir.1999). As Plaintiff has not alleged any retaliation claim, the Fourth Affirmative Defense is legally insufficient and must be stricken with prejudice.

**C. Fifth Affirmative Defense**

■ As their Fifth Affirmative Defense, Defendants assert that "Plaintiff has a duty to mitigate damages." Ans. and Aff. Def. [DE 10], at ¶ 8. Plaintiff argues that the doctrine of mitigation is not applicable to FLSA actions, and this Court agrees. Although employees claiming wrongful discharge under Title VII or the Age Discrimination in Employment Act have a duty to use reasonable efforts to mitigate their damages, there is no re-

quirement to mitigate overtime wages under the FLSA. Defendant has not cited, nor can this Court locate, any authority to support such a requirement; moreover, it would seem to contradict the purposes of the FLSA if an employee were required, after working overtime hours, to secure alternative employment to mitigate his damages. Thus, the Fifth Affirmative Defense is legally insufficient and is stricken with prejudice.

**D. Sixth Affirmative Defense**

As their Sixth Affirmative Defense, Defendants assert that "[t]he action and/or damages claimed in this action are barred by waiver, estoppel (collateral or otherwise), laches, satisfaction, release or agreement." Ans. and Aff. Def. [DE 10], at ¶ 8. Defendants have altogether failed to allege any facts to support these defenses. In any event, none of these defenses are recognized under the FLSA and must be stricken with prejudice.

■ First, the rights provided under the FLSA, including the right to overtime compensation, cannot be contractually abridged or otherwise waived by an employee because a waiver would "nullify the purposes" of the statute and the legislative policies it was designed to effectuate. *See, e.g., Lee v. Flightsafety Servs. Corp.,* 20 F.3d 428, 432 (11th Cir.1994); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor,* 679 F.2d 1350, 1352 (11th Cir.1982). The FLSA's general aim of counteracting the unequal bargaining power of employers over their employees forbids the waiver of minimum and overtime wages. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). Accordingly, waiver is usually not a recognized affirmative defense under the FLSA, nor is a release of FLSA rights valid. *See*

**1320**

*Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2d Cir.1959). Plaintiff is correct in asserting that there are only two exceptions where waiver is a recognized defense: (1) an employee accepts full payment of unpaid wages, as supervised by the Secretary of Labor; and (2) an employee accepts payment under a court-approved settlement. *See* 29 U.S.C. §§ 216(b), 216(c); *Lynn's Food Stores*, 679 F.2d at 1352. Neither of these exceptions are asserted in this case, so Defendant's defenses of waiver, release or agreement must be stricken.

Second, like waiver and release, the doctrine of estoppel is not recognized under the FLSA. *See Caserta*, 273 F.2d at 946. Federal courts have repeatedly rejected equitable estoppel as an affirmative defense to an FLSA action, even where an employee is required, but fails to, record overtime hours worked. *See, e.g., Burry v. Nat'l Trailer Convoy, Inc.*, 338 F.2d 422, 426–27 (6th Cir.1964); *Handler v. Thrasher*, 191 F.2d 120, 123 (10th Cir.1951). The only type of equitable estoppel defense recognized by courts is the "Good Faith Defense" of the Portal to Portal Act of 1947, 29 U.S.C. § 259, which protects an employer from FLSA liability if it relied on an opinion in writing from the Administrator of the Wage and Hour Division. However, Defendant has not asserted any factual support for a Good Faith Defense, and doing so would be redundant with their Eighth Affirmative Defense. Accordingly, the estoppel defense is legally invalid and must be stricken with prejudice.

Third, the doctrine of laches does not apply to congressional acts providing a statute of limitations, such as the FLSA. *See Mullis v. Universal Select, Inc.*, No. 97–1220–Civ–J–21A, 1997 WL 827408, at *2 (M.D.Fla. Dec.15, 1997); *Fleming v. Carpenters/Contractors Cooperation Comm., Inc.*, 834 F.Supp. 323, (S.D.Cal. 1993), *rejected on other grounds in, Barner v. City of Novato*, 17 F.3d 1256 (9th Cir.1994). The FLSA requires claims for unpaid overtime compensation under the FLSA to be brought within two years of the violation, except that in cases involving willful violations of the FLSA, the limitations period is extended to three years. 29 U.S.C. § 255(a). Because the FLSA establishes a statute of limitations, Defendant's laches defense must be stricken.

Fourth, like the doctrine of waiver and release, accord and satisfaction is not a valid defense in a private action brought under the FLSA. *See O'Conner v. U.S.*, 60 Fed.Cl. 164, 167 (2004) (*"O'Connor I"*), *O'Connor v. U.S.*, 308 F.3d 1233, 1242 (Fed.Cir.2002) (*"O'Connor II"*). Accord and satisfaction is only a cognizable affirmative defense in FLSA actions brought by federal employees who are represented by a labor union pursuant to the Civil Service Reform Act, 5 U.S.C. § 7121(a)(2)(c)(iii). *See O'Conner I*, 60 Fed.Cl. at 167. Defendants are unable to assert a legally cognizable defense of accord and satisfaction defense in this case, so this defense must be stricken.

### E. Seventh Affirmative Defense

As their Seventh Affirmative Defense, Defendants state that "[t]he damages Plaintiff may recover in this action are restricted by the statutes and acts which form the basis of the cause of action." Ans. and Aff. Def. [DE 10], at ¶ 9. Plaintiff argues, and the Court agrees, that the defense as pled is too vague to give Plaintiff notice of the grounds on which it rests. At a minimum, Defendants should

identify the provision(s) of the FLSA that they rely upon. Additionally, Defendants have wholly failed to set up any factual basis for this defense, and therefore have fallen "woefully short" of the liberal pleading requirements of Rule 8. *Microsoft Corp.*, 211 F.R.D. at 684. Accordingly, the Court strikes the Seventh Affirmative Defense without prejudice, and allows Defendants leave to amend.

## F. Eighth Affirmative Defense

For their Eighth Affirmative Defense, Defendants state that "Plaintiff is not entitled to liquidated damages because Defendants did not wilfully or otherwise violate the law; and, if any violation is established, Defendants had a good faith belief that they were in compliance with the law." Ans. and Aff. Def. [DE 10], at ¶ 8. It is not entirely apparent whether Defendants are attempting to assert the Good Faith Defense of the Portal to Portal Act of 1947, 29 U.S.C. § 259, which protects an employer that relied on an opinion in writing from the Administrator of the Wage and Hour Division. Defendants have failed to allege any facts whatsoever to support this defense. Thus, the Court will grant them an additional opportunity to adequately plead a legally cognizable defense.

## G. Ninth Affirmative Defense

As their Ninth Affirmative Defense, Defendants assert that "[a]ny amounts owed by Plaintiff to Defendants may be set off against any award to Plaintiff." Ans. and Aff. Def. [DE 10], at ¶ 9. Plaintiff argues that setoff is not appropriate in FLSA actions, as held in *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974). The *Brennan* case only stands for the principle that setoffs may not result in sub-minimum wage payments to an employee; moreover, the Fifth Circuit has since clarified that its holding in *Brennan* does not prohibit a district court from applying a setoff where the setoff will not cause a plaintiff's wages to fall below the statutory minimum. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n. 9 (5th Cir.2003). Thus, the rule in *Brennan* does not bar an employer from asserting a setoff defense in all circumstances.

The FLSA explicitly provides that certain payments made by an employer shall be "creditable toward overtime compensation," namely: (1) extra compensation provided by a premium rate for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee or in excess of the employee's normal working hours or regular working hours, as the case may be; (2) extra compensation provided by a premium rate paid for work by the employee on weekends, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days; and (3) extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday (not exceeding eight hours) or workweek (not exceeding the maximum workweek applicable to such employee), where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such work-

day or workweek. *See* 29 U.S.C. §§ 207(e), 207(h).

 Notwithstanding the foregoing, there are several types of payments that cannot be applied to offset unpaid wages, including: (1) fringe benefits such as meals, health insurance, bonuses, and paid vacations, *see Dunlop v. Gray–Goto, Inc.*, 528 F.2d 792, 794 (10th Cir.1976) and *Futrell v. Columbia Club, Inc.*, 338 F.Supp. 566, 573 (D.C.Ind.1971); (2) wages for "down time" on the job, *see Hiner v. Penn–Harris–Madison Sch. Corp.*, 256 F.Supp.2d 854, 860 (N.D.Ind.2003); (3) wages for meal breaks, *see Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 913–14 (9th Cir.2004); and (4) amounts loaned by an employer to an employee, *see Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir.1983).

The Court cannot conclude at this juncture that Defendant cannot prevail under any circumstances on their Ninth Affirmative Defense, because Defendant has failed to allege any facts to support a setoff defense. As pled, this defense is no more than a bare bones conclusory statement and cannot possibly give Plaintiff fair notice of the grounds on which it rests. Although Defendants have given Plaintiff notice that they intend to rely on the defense of setoff, they have failed to provide him any idea of what debts or obligations he allegedly owes to Defendants to support a right of setoff. The Court cannot determine at this time that this defense is deficient on the merits, so it will instead strike the technically deficient affirmative defense without prejudice, and grant the defendant leave to replead the stricken defense. *See Microsoft Corp.*, 211 F.R.D. at 684. Defendants will be required to allege with sufficient detail and factual support, the nature of the alleged setoff, in conformity with this order.

## III. Conclusion

Based on the foregoing, it is hereby,

ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion to Strike Affirmative Defenses [DE 12] is GRANTED in part as to Defendants' Second, Fourth, Fifth, Sixth, Seventh and Eighth Affirmative Defenses and DENIED in part as to Defendants' Ninth Affirmative Defense;

(3) Defendants' Fourth, Fifth and Sixth Affirmative Defenses are hereby STRICKEN with prejudice; and

(4) Defendants' Second, Seventh, Eighth and Ninth Affirmative Defenses are STRICKEN without prejudice, and Defendants are ORDERED to serve an amended answer within twenty (20) days of the date of this Order, to replead these defenses in conformity with the principles set forth in this order.