65 So.2d 849 (1953)
CANELL et al.
v.
ARCOLA HOUSING CORP. et al.
Supreme Court of Florida, Division A.
June 23, 1953.
*850 Martin Yelen, Miami, and Jay Burton Keys, Miami Beach, for appellants.
Charles F. Wells, Miami, for appellees.
SEBRING, Justice.
The appeal in this case involves the sufficiency of an amended complaint filed by the appellants as plaintiffs below, against the appellees, as defendants below, to recover money damages for the alleged fraud and deceit of the defendants.
The amended complaint, which was dismissed by the court below, on motion of the defendants, contained, in substance, the following allegations:
The defendant, Duxtad, as salesman for the Arcola Housing Corporation, sold to each of the plaintiffs a separate lot of land specifically described in the amended complaint, the lots being located in Arcola Gardens, a subdivision in Dade County, Florida. During the negotiations leading up to the sale and purchase of the lots, the defendant Duxtad orally represented to each of the plaintiffs "that there would be installed, provided, and constructed in the said subdivision, certain bathing beach facilities, such as sand beach on lake shore with landscaping as shown to the plaintiffs in an artist's sketch by defendant's agent * * * and that the proximity of such facilities to the various lots purchased by the several plaintiffs would greatly increase the value of the said lots and the plaintiffs, relying thereon, did pay for the said lots sums which were [$2,000] in excess of the value of the said lots to each of the plaintiffs without such bathing facilities and close proximaties thereto. * * *
"That the plaintiffs and each of them would never have purchased the said lots at the prices paid except for the representations and promises made by said defendant * * * that bathing beach facilities would be available in the said subdivision and be contiguous to their property, said property being from across the street to one or two blocks away from the aforementioned beach.
"That the said representations were made by the said defendant * * * without any intention to perform thereunder and with the then present intention not to perform thereunder, and for the sole purpose of fraudulently * * * inducing the plaintiffs * * * to purchase the said lots at prices in excess of the value thereof, and at prices which plaintiffs * * * would not have paid therefor except in reliance upon said representations.
"That defendants have refused to make any written commitments regarding the said bathing beach facilities and have attempted to pacify the plaintiffs with oral promises, and the plaintiffs fear that the defendants have already sold or will sell all of the defendants' waterfront lots in the said subdivision resulting in great loss and injury to the plaintiffs.
We find no error in the ruling appealed from.
As a matter of pleading, the complaint was subject to dismissal because of the misjoinder of separate and independent causes of action. Compare John W. Campbell Farms, Inc., v. Zeda, Fla., 59 So.2d 750.
Aside from this, the complaint contained a greater infirmity which required its dismissal. The complaint shows on its face that the plaintiffs' claims, whatever they may be, are predicated upon the alleged breach of an oral promise concerning an easement in land  the ownership of which is not alleged nor the location or description given.
We assume from these allegations that what the plaintiffs complain of is the fact that the defendants orally agreed and represented, in order to induce the plaintiffs to purchase lots in the subdivision, that they, the defendants, would build a bathing beach on a lake somewhere in the subdivision, which would be maintained for the use and enjoyment of home owners in the subdivision, thereby contributing to the enjoyment of the homeowners and enhancing the value of their several properties. If this is what is to be inferred from the *851 complaint, it is readily apparent that such an agreement would be, in effect, an agreement to create an easement in or over land. And inasmuch as such an easement would be an interest in land, it could be created only in one of three ways; firstly, by express grant, that is, by a deed expressly declaring it; secondly, by implication, that is, by inferring the grant from a construction of the terms and effect of an existing deed; and thirdly, by prescription, that is to say, by a grant established by evidence clearly showing a long and continuous enjoyment and user, although no deed contains the provision. Burdine v. Sewell, 92 Fla. 375, 109 So. 648; Winthrop v. Wadsworth, Fla., 42 So.2d 541.
Manifestly, none of these situations is present in the case at bar. The plaintiffs are relying upon a mere oral promise to create the easement, which is clearly within the terms of the statute of frauds and thus cannot be enforced directly or indirectly. Section 725.01, Florida Statutes 1951, F.S.A. If the deeds to plaintiffs did not mention the easement in the description of lands and property rights conveyed, or refer to a plat reflecting same, compare McCorquodale v. Keyton, Fla., 63 So.2d 906, then to give any effect to oral promises in respect to other lands or rights therein would amount to an unauthorized reformation of the description in the deed. Browne, Statute of Frauds, 5th ed., sec. 441(c).
While it is contended by plaintiffs that they are suing for damages for fraud and deceit, such an action under the circumstances of this case is simply an attempt in an indirect manner to obtain damages for breach of the contract. Since the provision in the statute prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract, "an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it." 25 R.C.L. 691. See also Dung v. Parker, 52 N.Y. 494. Although some courts have reached the contrary conclusion, 49 Am.Jur. p. 841; 23 Am.Jur. p. 889; anno. 104 A.L.R. 1420, we think that on the facts of the case under consideration the rule quoted above is best calculated to uphold the theory upon which the statute of frauds is founded, in accord with the principle that so long as the statute can be made to effectuate its purposes, courts should be reluctant to take cases from its protection. Yates v. Ball, 132 Fla. 132, 181 So. 341.
It follows from the conclusions reached that the judgment appealed from should be affirmed. It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.