LILES, Chief Judge.
Plaintiff-appellants are lessees under a cooperative apartment lease in Pinellas County, Florida. They claim that their rights arising out of this lease in and to a 200 foot strip of land running along the front of the apartment project are being violated. They allege that this land has been set aside as a recreation area for the use of the project’s residents.
The trial judge dismissed the first three counts of their fourth amended complaint against the lessors of this project and the lessees of spaces in commercial buildings which the lessors have built on a portion of this alleged recreation area without leave to amend and with prejudice.
In essence, the three counts allege that appellants entered into a lease with appel-lee-lessors for a unit of the cooperative apartment complex; that they were induced into so doing by being shown a brochure containing a representation of the project; that this representation was a reproduction of a larger representation of the project which was on a wall in the lessors’ office when the lease was signed, and was represented to be the “master *238 plat” of the project; that this “master plat” showed a recreation area as part of the project; that said recreation area was in existence on the premises at the time the lease was executed; and that the lease specifically referred to the “master plat,” and leased the apartment “with appurtenances.”
We believe the complaint does state a cause of action and reverse.
Appellees rely on Canell v. Arcola Housing Corp., Fla.1953, 65 So.2d 849. There the dismissal of a complaint was affirmed on appeal because it alleged no more than an oral promise to create an easement. The complaint in the present case, however, goes much further. Here the lease itself rented the apartment “with appurtenances,” and made specific reference to a “master plat of the entire project.” Appellants also allege that the recreation area was already constructed and in use when the lease was executed.
The alleged facts in this case appear to be those which give rise to an easement by implication. As provided in Canell, supra, the easement can be inferred “from a construction of the terms and effect of” the instrument involved. The court continued:
“If the deeds to plaintiffs did not mention the easement in the description of lands and property rights conveyed, or refer to a plat reflecting same, compare McCorquodale v. Keyton, Fla., 63 So.2d 906, then to give any effect to -oral promises in respect to other lands or rights therein would amount to an unauthorized reformation of the description in the deed.” 65 So.2d at 851.
Here the lease did mention rights in addition to the mere rights of possession when it referred to appurtenances, and it referred to a plat allegedly reflecting the existence of this recreation area. If the alleged facts are true this lease may be construed as giving rise to an implied easement in this recreation area.
We believe this is in accord with our discussion of implied easements in Owen v. Yount, Fla.App.1967, 198 So.2d 360. There we observed that no easement can be created by implication where none in fact existed before, but held that the facts were sufficient to give rise to an implied easement. The alleged facts in this case, if proven, likewise demonstrate the existence of an implied easement. And once the existence of the easement is established, “activities of the legally concerned parties can raise valid implications that are helpful to sensible and legal interpretation of the validly existing easement.” 198 So.2d at 363.
In other words, appellants’ complaint does state a cause of action, and the trial proceedings shoujjl continue to determine what rights, if any, appellants may have in the strip of land involved in this suit.
Reversed and remanded.
HOBSON and MANN, JJ., concur.
ON PETITION FOR REHEARING
Our opinion in this case filed on April 23, 1969, was intended only to be a reversal of the holding of the able trial judge that no cause of action for implied easement was stated in the complaint. Other matters alleged in Counts I and II, such as the existence of a master plat and other matters set forth in the opinion’s statement of the facts, are elements of proof needed in establishing the existence of the implied easement alleged in Count III. It is for this reason we reversed on all three counts; however, the other alleged instances of ap-pellees violating appellants’ rights in the apartment complex, other than the alleged violation of the implied easement in the recreation area, must be pleaded with more particularity. And since this is the fourth amended complaint the judge did not err in dismissing these aspects of the complaint with prejudice.
In short, we know of no cause of action which, in and of itself, would enable appel *239 lants to compel appellees to produce and maintain the alleged “master plat,” even though its production may be necessary as an evidential element of a cause of action alleging appellants’ rights in the complex, such as the implied easement involved in this case.
Except as herein clarified we adhere to our earlier opinion, and the petitions for rehearing are denied.
HOBSON and MANN, JJ., concur.