305 So.2d 871 (1974)
Walter OSTMAN, Appellant,
v.
Howard M. LAWN and Parkmobile, Inc., a Florida Corporation, Appellees.
No. 74-22.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Pettigrew & Bailey and Eugene E. Stearns, Miami, for appellant.
Podhurst, Orseck & Parks, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by the plaintiff, Walter Ostman, from an adverse summary judgment as to one part of his complaint, and the resultant final judgment rendered against him.
A thorough recitation of the myriad facts presented in the record would serve no useful purpose in answering the legal question before this court. Therefore, suffice it to say, the action arose when the plaintiff, Ostman, filed his complaint alleging that the defendant, Howard M. Lawn, made false representations to him that he (Lawn) would employ Ostman for compensation of $100,000 per year for five years in order to deceive him and thereby elicit information from him. Ostman alleges that in reliance, he lost his job in California, sold his home in California and moved to Florida. The complaint is in three *872 counts. Counts I and II allege an action for money damages caused by fraud and Count III was for quantum meruit. After extensive discovery, the defendant moved for summary judgment which was granted as to the charges of fraud on the basis of the affirmative defense that the action was barred by the statute of frauds. Ostman then voluntarily dismissed, without prejudice, the action for quantum meruit, and thereafter the court entered the final judgment in favor of the defendant.
The sole issue before this court is whether the statute of frauds precludes an action for fraud and deceit based on breach of an employment contract, which employment contract is not in writing and for a period of more than one year.
The appellant contends that this is a tort rather than a contract action and the statute of frauds is not applicable to a tort action, namely one sounding solely in fraud.
The appellee contends that the statute of frauds cannot be circumvented by suing for fraud when the action is predicated upon an oral agreement unenforceable under the statute of frauds.
The statute of frauds, § 725.01, Fla. Stat., provides in pertinent part:
"No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
The statute of frauds, then, bars any claim which requires as its gravamen, proof of a promise or agreement, orally made, when such promise or agreement is not to be performed within the space of one year from the making thereof. There is no distinction between an action ex contractu and an action ex delicto in this regard. See Dung v. Parker, 52 N.Y. 494 (Ct.App.) wherein it is stated at page 497 that:
"Whatever the form of action at law may be, if the proof of a promise or contract, void by the statute, is essential to maintain it, there can be no recovery."
and at page 500 that:
"The plaintiff is compelled to make the void contract a part of his case in any form of action he may bring, and the statute stands as a barrier against recovery."
Florida adheres to strict application of the statute of frauds. The theory of the New York case of Dung v. Parker, supra, was adopted by the Florida Supreme Court in the leading case of Canell v. Arcola Housing Corp., Fla. 1953, 65 So.2d 849, in which the plaintiffs were purchasers of building lots, suing the vendors for damages for fraud based on oral promises to build a bathing beach on the lake in the subdivision. The court held that while the plaintiffs contended that they were suing for damages at law for fraud, they in reality, were seeking indirectly to recover damages predicated upon an alleged breach of an unenforceable contract. Thus, the court stated at page 851:
"Since the provision in the statute prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract, `an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the defendant at the time of the making of the oral contract may have had no intention of performing it.' 25 R.C.L. 691. See also Dung v. Parker, 52 N.Y. 494. Although some courts have reached the contrary conclusion, 49 Am.Jur. p. 841; 23 Am.Jur. p. 889; anno. 104 A.L.R. 1420, we think that on the facts of the case under consideration the rule quoted above is best calculated to uphold the theory upon which the statute of frauds is founded, in accord with the principle *873 that so long as the statute can be made to effectuate its purposes, courts should be reluctant to take cases from its protection. Yates v. Ball, 132 Fla. 132, 181 So. 341."
The Florida rule is that the statute of frauds may not be avoided by a suit for fraud based on oral representations. Ashland Oil, Inc. v. Pickard, Fla.App. 1972, 269 So.2d 714, cert. den., Fla. 1973, 285 So.2d 18; Canell v. Arcola Housing Corp., supra. Therefore, the judgment appealed hereby is affirmed.
Affirmed.