827 So.2d 318 (2002)
CONNER, I, INC., Appellant,
v.
The WALT DISNEY COMPANY, etc., et al., Appellee.
No. 5D01-1817.
District Court of Appeal of Florida, Fifth District.
September 13, 2002.
Rehearing Denied October 23, 2002.
J. Wayne Crosby of J. Wayne Crosby, P. A., Orlando, for Appellant.
David L. Evans of Mateer & Harbert, P. A., Orlando, for Appellee.
ORFINGER, R. B., J.
Conner, I, Inc. sued the Walt Disney Company and Walt Disney World Company (collectively "Disney"), alleging breach of contract, breach of a joint venture agreement, intentional misrepresentation, negligent misrepresentation, and breach of fiduciary duty. On Disney's motion, the trial court dismissed the action with prejudice, concluding that Conner's claims were barred by the statute of frauds. This appeal followed. We affirm.
In its amended complaint, Conner alleged that Disney agreed to enter into a joint venture with Conner, the purpose of which was to replace and operate approximately 400 manufactured housing units located at Disney's Fort Wilderness development. Conner alleged that it was to design, purchase, and install the housing units at Fort Wilderness and then lease the units to Disney for a period of not less than twelve years. Conner also alleged that Fort Wilderness was to be operated *319 as a joint venture, with both parties sharing in the development and operation of the project. While the parties had numerous meetings, and allegedly made various oral commitments, all of which Conner claims it could have performed within twelve months, no written agreements were entered into. Disney eventually developed Fort Wilderness without Conner's participation.
Florida has several statutes of frauds, each dealing with a different type of commercial transaction. Any agreement for the sale of goods for more than $500,[1] for the sale of personal property other than goods for a price of more than $5,000,[2] or for the lease of goods for lease payments in excess of $1,000,[3] must be in writing to be enforceable. Under the express terms of these statutes, a writing is required regardless of when performance can be completed. One or more of these statutes would bar Conner's claims depending on how one characterizes the transaction. Similarly, if Conner's business arrangement with Disney is construed as involving the sale or lease of real property, it is clear that it was intended to last more than one year, and is therefore barred under section 725.01, Florida Statutes (1996).
In ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true and in a light most favorable to the plaintiff. Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001). Because the sufficiency of a complaint is a matter of law, we review the matter de novo. Id. Generally, the statute of frauds is an affirmative defense that cannot be raised in a motion to dismiss unless the complaint affirmatively shows the conclusive applicability of such defense to bar the action. Collins v. Citrus Nat'l Bank, 641 So.2d 458, 459-60 (Fla. 5th DCA 1994) (citing Evans v. Parker, 440 So.2d 640 (Fla. 1st DCA 1983)).
Conner asserts that its performance could have been completed within one year, and, thus, its actions are not barred by the statute of frauds. That argument fails because with the exception of section 725.01, the requirement of a written agreement is based on the price of the goods sold or leased, not the time of performance. Only section 725.01 bars enforcement of an unwritten agreement if it cannot be performed within one year from the time the agreement was made. See Florida Pottery Stores of Panama City, Inc. v. Am. Nat'l Bank, 578 So.2d 801, 804 (Fla. 1st DCA 1991). Here, the complaint shows that the development project and the associated responsibilities of the parties were to continue for at least twelve years.
To the extent that Conner attempts to assert tort claims, they are likewise barred, as they flow from the alleged oral contract and are merely derivative. See Hertz v. Salman, 718 So.2d 942 (Fla. 3d DCA 1998). We therefore conclude, as did the trial judge, that one or more of the statutes of frauds conclusively bar Conner's action.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] § 672.201, Fla. Stat. (1996).
[2] § 672.206, Fla. Stat. (1996).
[3] § 680.201(1), Fla. Stat. (1996).