**BOLDSTAR TECHNICAL, LLC, et al., Plaintiffs,**

v.

**The HOME DEPOT, INC., et al., Defendants.**

**No. 07–80435–CIV.**

United States District Court, S.D. Florida.

Oct. 3, 2007.

**1286**

Alexander Daniel Brown, Peter Glen Herman, Edward Royce Curtis, Tripp Scott, Fort Lauderdale, FL, for Plaintiffs.

Eileen Tilghman Moss, Edward A. Moss, Heather Cohen Szkaradek, Shook Hardy & Bacon, Andrew William Ransom, David Andrew Gast, Malloy & Malloy, Miami, FL, B. Trent Webb, Bart Starr, Shook Hardy & Bacon, Kansas City, MO, for Defendants.

*OMNIBUS ORDER GRANTING DE-FENDANTS' MOTIONS TO DIS-MISS, DENYING PLAINTIFFS' MOTION TO DISMISS COUNTER-CLAIMS, AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENS-ES*

DANIEL T.K. HURLEY, District Judge.

**THIS CAUSE** is before the court upon four separate motions: defendant Industriaplex, Inc.'s motion to dismiss Counts EI and IV of plaintiffs' complaint [DE # 11]; defendant The Home Depot, Inc.'s motion to dismiss counts IV and V of plaintiffs' complaint [DE # 8]; plaintiffs' motion to dismiss Home Depot's counterclaims [DE # 18]; and plaintiffs' motion to strike Home Depot's affirmative defenses [DE # 20]. For the reasons stated below, the court will grant both defendants' motions to dismiss, deny plaintiffs' motion to dismiss Home Depot's counterclaims, and grant in part and deny in part plaintiffs' motion to strike Home Depot's affirmative defenses.

### BACKGROUND

The facts of this case are taken from the plaintiffs' complaint [DE # 1] and the defendants' answers [DE # 7, 13]. In deciding each motion to dismiss, the court has construed the pleadings broadly in favor of the nonmovant, accepted all facts pled by the nonmovant as true, and viewed all inferences in the light most favorable to the nonmovant. *See Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1334 (11th Cir.2002).

Plaintiff Michael Powell is a principal of plaintiff Boldstar Technical, LLC. Boldstar contracted with defendant Home Depot in 2003 to develop, supply, and install keypad systems for the industrial equipment used by Home Depot in its stores. In July 2004, Home Depot approached plaintiffs to discuss a new potential project. Home Depot had decided that the radial arm saws used in its stores by its employees to cut lumber for customers were unnecessarily dangerous, and asked plaintiffs to develop a way to make the saws safer. Plaintiffs agreed and developed a prototype of a device called "Safe Hands", a safety top apparatus designed to increase the safety of the particular radial arm saws used by Home Depot. Powell filed a patent application for Safe Hands on August 31, 2004, and placed the words "Patent Pending" on the device itself.

Home Depot asked Powell to provide a demonstration of Safe Hands to Home Depot executives. After the demonstration, Home Depot purchased Safe Hands units for eight of its stores, and promised to issue purchase orders for all of its nationwide stores if the product performed successfully in the initial eight locations. Several weeks later, Home Depot contacted plaintiffs to purchase Safe Hands units to use in all of Home Depot's stores nationwide. Home Depot offered to pay $1,200 per unit. That price was rejected by plaintiffs as below their unit cost of production. At that point in the negotiation, according to the complaint, Home Depot began to discuss with defendant Industriaplex, Inc. the possibility of copying the Safe Hands product. Plaintiffs allege that a Home Depot representative admitted that Home Depot had made an agreement with Industriaplex to purchase copied versions of the Safe Hands units for its stores, and that plaintiffs traveled to Home Depot stores and saw the Industriaplex product in use. No further negotiations took place between plaintiffs and Home Depot.

Powell's patent application for Safe Hands was subsequently granted as Patent No. 7,044,039 on May 16, 2006. On May 17, 2007, plaintiffs filed the complaint in this court. The complaint alleges that Home Depot and Industriaplex infringed, and continue to infringe, plaintiffs' patent; that Industriaplex tortiously interfered with a business relationship between plaintiffs and Home Depot; that Home Depot and Industriaplex are liable for engaging in a civil conspiracy to deprive plaintiffs of their intellectual property rights;[1] and that Home Depot is liable for fraudulently inducing plaintiffs to produce the eight Safe Hands units for the product's initial trial run.

## DISCUSSION

### A. Standard on Motion to Dismiss

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp. v. Twombly, — U.S. —, —, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. Id. On a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Wright v. Newsome, 795 F.2d 964, 967 (11th Cir.1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir.1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. See Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).

### B. Defendants' Motions to Dismiss

#### 1. Industriaplex's Motion to Dismiss

■ Defendant Industriaplex, Inc. moves to dismiss plaintiffs tortious interference claim. Industriaplex argues that plaintiffs have not properly alleged a business relationship with which Industriaplex could have tortiously interfered; that Industriaplex did not engage in any actionable interference; and that any tortious

---

1. Plaintiffs have since voluntarily dismissed this claim. The court will therefore deny both defendants' motions to dismiss this claim as moot.

interference claim in this context is preempted by federal patent law.

■ To state a cause of action for tortious interference with a business relationship, the aggrieved party must show: (1) the existence of a business relationship; (2) the defendant's knowledge of that relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) that the aggrieved party was damaged as a result of the defendant's interference.[2] *Marquez v. PanAmerican Bank*, 943 So.2d 284, 286 (Fla.3d Dist.Ct.App.2006); *Walters v. Blankenship*, 931 So.2d 137, 139 (Fla. 5th Dist.Ct. Ap.2006); *Kreizinger v. Schlesinger*, 925 So.2d 431, 433 (Fla. 4th Dist.Ct.App.2006). The business relationship, if not an actual contract, must be "evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 815 (Fla. 1994).

Industriaplex argues that plaintiffs and Home Depot had no business relationship with which Industriaplex could have tortiously interfered. The court agrees. According to plaintiffs' allegations, the last contact between plaintiffs and Home Depot before Home Depot contacted Industriaplex was plaintiffs' rejection of Home Depot's offer to buy at $1,200 per unit. Plaintiffs have made no factual allegations tending to show that negotiations would have continued and that plaintiffs and Home Depot would have necessarily reached an agreement were it not for the alleged interference of Industriaplex. From the allegations in the complaint it appears just as likely that plaintiffs and Home Depot might never have come to an acceptable arrangement, even if Industriaplex had never appeared on the scene. So, even viewing the facts in the light most favorable to plaintiffs, it cannot be said that a deal between plaintiffs and Home Depot "in all probability would have been completed" but for the interference of Industriaplex. Thus, there was no business relationship between plaintiffs and Home Depot.

■ Plaintiffs argue that they can demonstrate an "ongoing business relationship" with Home Depot for the sale of keypads, and that Florida includes such relationships among those that can be tortiously interfered with. *See Ethan Allen*, 647 So.2d at 815 n. 1. However, the court finds this argument misplaced. The Florida Supreme Court described the "ongoing business relationship" as standing in distinction to relationships already concluded with past customers. *See id.* The properly-established business relationship must still be the one with which the defendant has allegedly interfered. *See id.* (referring to "[t]he ongoing relationship *with which the tortfeasor interfered*") (emphasis added). So a plaintiff cannot get around a failure to properly plead a business relationship in a claim for tortious interference simply by showing that the plaintiff was engaged in some other business relationship with the same third party. Here, plaintiffs themselves have acknowledged that their prior business relationship with Home Depot was unrelated to the events that gave rise to this litigation. Pls.' Compl. ¶ 13. Accordingly, the court finds no business relationship, and plaintiffs' tortious interference claim against Industriaplex must be dismissed.

■ Even were there a business relationship between plaintiffs and Home Depot, the court would nonetheless grant Industriaplex's motion to dismiss plaintiffs'

---

**2.** The parties appear to agree that Florida law governs this case.

tortious interference claim because Industriaplex's alleged conduct is not "unjustified" so as to be actionable. Plaintiffs have made clear in their opposition to the motion that defendant's purportedly unjustified conduct underlying the tortious interference claim is not patent infringement itself or inducement to infringe.[3] Instead, plaintiffs argue that Industriaplex's alleged copying of Safe Hands, although falling short of actual infringement, is nonetheless actionable because it constitutes an "improper method" of competition. *See KMS Restaurant Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1327 (11th Cir.2004) (noting that, under Florida law, "a tortious interference claim may succeed if improper methods were used."). But the court is not aware of any Florida authority holding that non-infringing product copying or imitation is an improper method of competition. Florida Standard Jury Instruction (Civil) MI 7.2 describes "improper conduct" as including "physical violence, misrepresentations, illegal conduct, threats of illegal conduct, or other improper conduct." Admittedly, the inclusion of the catch-all item at the end of the list suggests that the list is not meant to be comprehensive, and could conceivably refer to non-infringing copying and imitation. But the court is not aware of any authority that has so held. Therefore, the court finds as a matter of law that Industriaplex's alleged actions do not constitute unjustified interference, and would dismiss plaintiffs' tortious interference claim on that ground as well.

### 2. Home Depot's Motion to Dismiss

■ In Count V of the complaint, plaintiffs argue that Home Depot is liable for fraud. Plaintiffs allege that Home Depot induced plaintiffs to produce eight Safe Hands units by falsely promising to buy Safe Hands units for all of their nationwide stores if the first eight worked as designed. In reality, according to plaintiffs, Home Depot merely wanted copies of the Safe Hands units so it could work with Industriaplex to copy them. Pls.' Compl. at ¶ 77–83. Home Depot moved to dismiss the claim on the ground that it is predicated on an oral promise within the bounds of Florida's statute of frauds. Plaintiffs do not dispute that the promise was made orally and never reduced to writing, but contend that the statute of frauds is inapplicable.

In Florida, a contract for the sale of goods worth $500 or more is generally not enforceable unless it has been memorialized in a writing. *See* Fla. Stat. § 672.201(1). While the statute by its terms bars recovery in contract, Florida has long recognized that the statutory bar extends to cases where the plaintiff has chosen to plead an essentially contract-based claim as a fraud claim. *See Canell v. Arcola Housing Corp.*, 65 So.2d 849, 851 (Fla.1953); *Ostman v. Lawn*, 305 So.2d 871, 872 (Fla.3d Dist.Ct.App.1974); *Ashland Oil, Inc. v. Pickard*, 269 So.2d 714, 721–22 (Fla.3d Dist.Ct.App.1972). Federal courts have recently and repeatedly recognized this feature of Florida law. *See, e.g., Behrman v. Allstate Ins. Co.*, 388 F.Supp.2d 1346, 1352 (S.D.Fla.2005); *Eclipse Medical, Inc. v. American Hydro–Surgical Instruments, Inc.*, 262 F.Supp.2d 1334, 1345 (S.D.Fla.1999).

The court finds that plaintiffs' fraud claim is essentially a contract claim repackaged as a tort action, and therefore

---

3. If patent infringement or inducement was the unjustified conduct constituting tortious interference, the claim would likely be preempted by federal patent law as an "attempt to offer patent-like protection to subject matter addressed by federal law." *See Rodime PLC v. Seagate Technology*, 174 F.3d 1294, 1306 (Fed.Cir.1999).

barred by § 672.201. The alleged misrepresentation made by Home Depot concerned whether Home Depot would buy Safe Hands for all of its stores if the product worked properly. Plaintiffs allege that Home Depot promised it would, but in fact never had any intention of doing so. Thus, the misrepresentation essentially concerned Home Depot's future performance. The claim is therefore basically one for breach of contract, and is distinguishable from cases in which the defendant was alleged to have made a misrepresentation about a past or present fact, such as *Steinberg v. Kearns,* 907 So.2d 691 (Fla. 4th Dist.Ct.App.2005), on which plaintiffs heavily rely.

It is true that plaintiffs' claim might differ from a typical breach of contract claim, because not all breach of contract claims involve misrepresentations about one party's intentions. A party might decide not to perform the contract only after the contract is made; or a party might inadvertently fail to perform a contract. And it could be argued on behalf of plaintiffs that Home Depot did make a material representation concerning a present fact—namely, Home Depot's intentions at the time it made the representation—rather than its future conduct. Nevertheless, Florida law on this point is clear. For example, in *Canell,* the defendant was alleged to have induced plaintiffs to purchase land by promising that that he would later make certain improvements to the land, and then failed to make good on the promise. Although a breach of contract claim was barred by the statute of frauds, the plaintiffs sued the defendant on a fraud theory. The Florida Supreme Court upheld the dismissal of the complaint, finding that the fraud action was "simply an attempt in an indirect manner to obtain damages for breach of the contract." 65 So.2d at 851. The instant case is indistinguishable in all material respects. Thus,

the court concludes that, under Florida law, the statute of frauds prohibits plaintiffs from pursuing their claim for fraud. The court will therefore dismiss the claim.

### C. Plaintiffs' Motions

#### 1. Motion to Dismiss Home Depot's Counterclaims

In its answer [DE # 7], Home Depot asserted two counterclaims. Home Depot seeks a declaration of non-infringement of the Safe Hands patent, and a declaration of the patent's invalidity, Plaintiffs then moved to dismiss both counterclaims. The precise ground on which plaintiffs move to dismiss is not entirely clear, but the gist of plaintiffs' argument is that Home Depot's counterclaims should be dismissed because they are too vaguely pled. In the alternative, plaintiffs argue that Home Depot should be required to make a more definite statement.

 Home Depot's first counterclaim alleges, in its entirety, that "Home Depot has not infringed and is not infringing the '039 patent or any claim thereof either directly, contributorily, by inducement, or otherwise." and that Home Depot is therefore entitled to a declaratory judgment of non-infringement. Home Depot Countercl. at ¶ 3–4. Home Depot's second counterclaim is similarly concise. It alleges, in its entirety, that the Safe Hands patent is "invalid for one or more of the following reasons: [several statutory grounds for invalidity]" and that Home Depot is therefore entitled to a declaratory judgment that the Safe Hands patent is invalid. Home Depot Countercl. at ¶ 7–8.

 The Federal Rules of Civil Procedure require only a "short and plain statement" of a party's claim. Fed.R.Civ.P. 8(a). A motion for more definite statement is to be granted only if the pleading

is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The court finds that Home Depot's allegations validly state claims and that plaintiffs can reasonably be required to frame a response. Home Depot's allegations are brief but clear, and effectively apprise plaintiffs of the legal and factual grounds on which Home Depot seeks to advance its claims. The purpose of the Rule is "to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Asip v. Nielsen Media Research, Inc.,* 2004 WL 315269 at *2 (S.D.N.Y.2004). Moreover, far from insisting on minute detail, the Federal Rules require that each averment in a pleading be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). Therefore, the court will deny plaintiffs' motion to dismiss Home Depot's counterclaims and plaintiffs' motion for a more definite statement.

### 2. *Motion to Strike Affirmative Defenses*

In its answer, Home Depot raised six affirmative defenses. Plaintiffs moved to strike all but the first of them pursuant to Fed.R.Civ.P. 12(f), which permits the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The contested affirmative defenses set forth by Home Depot are: (1) the Safe Hands patent is invalid; (2) plaintiffs' claims are barred under the doctrine of implied license; (3) the plaintiffs' complaint fails to state a claim upon which relief can be granted; (4) plaintiffs lack standing to bring a claim for infringement of the Safe Hands patent; and (5) plaintiffs' claims are barred by plaintiffs' failure to comply with statutory marking and notice provisions. Plaintiffs argue

that the second, third, and fourth defenses listed above should be stricken as "bare bones conclusory allegations." *See Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005). Plaintiffs further argue that Home Depot has not alleged facts sufficient to support the first and fifth defenses listed above.

 Motions to strike defenses are "disfavored in federal practice." *See Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.,* 2007 WL 201261 at *2 (S.D.Fla.2007). On the other hand, by its very definition, an affirmative defense is established only when the defendant admits facts contained in the complaint, but sets up other facts in justification or avoidance. *See Morrison,* 434 F.Supp.2d at 1318. Therefore, an affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all. *See id.* The defendant must allege some additional facts supporting the affirmative defense.

 The court finds that Home Depot has alleged sufficient facts to support the defense of patent invalidity. Home Depot has identified the specific statutory provisions which allegedly operate to make the patent invalid. Courts have declined to strike defenses of patent invalidity which make express reference to particular sections of the statute. *See, e.g., Bob's Space Racers, Inc. v. Hampton Co., Inc.,* 1996 WL 684440 at *2 (M.D.Fla.1996). Accordingly, the court will deny plaintiff's motion to strike Home Depot's second affirmative defense.

 The court further finds that Home Depot's implied license, standing, and marking-and-notice defenses allege sufficient facts to withstand a 12(f) motion. Each of these defenses, while perhaps

tersely stated by Home Depot, provide sufficient notice to plaintiffs of the grounds on which Home Depot intends to defend the suit and reasonably permit plaintiffs to undertake discovery and prepare for trial. Accordingly, the court will deny plaintiffs motion to strike Home Depot's third, fifth and sixth affirmative defenses.

 However, the court finds that Home Depot's fourth affirmative defense—that plaintiffs have failed to state a claim upon which relief can be granted—is legally insufficient. Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense. Accordingly, the court will strike Home Depot's fourth affirmative defense as insufficient.

### CONCLUSION

Having considered the motions, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant Industriaplex, Inc.'s motion to dismiss Count III of the complaint [DE # 11] is **GRANTED**. Defendant Industriaplex, Inc.'s motion to dismiss Count IV of the complaint [DE # 11] is **DENIED AS MOOT**.

2. Defendant The Home Depot, Inc.'s motion to dismiss Count V of the complaint [DE # 8] is **GRANTED**. Defendant The Home Depot, Inc.'s motion to dismiss Count IV of the complaint [DE # 8] is **DENIED AS MOOT**.

3. Plaintiffs' motion to dismiss defendant's counterclaims [DE # 18] is **DENIED**. Plaintiffs' motion for a more definite statement of defendant's counterclaims [DE # 18] is **DENIED**.

4. Plaintiffs' motion to strike defendant's affirmative defenses [DE # 20] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

 a. Defendant The Home Depot, Inc.'s Fourth Affirmative Defense is **STRICKEN**.

 b. Plaintiffs' motion is otherwise **DENIED**.