MORRIS, Judge.
B & C Investors, Inc., and Brett H. Williamson (collectively BCI) appeal a final order dismissing their sixth amended complaint with prejudice. While one of BCI’s claims was properly dismissed with prejudice, we conclude the trial court erred when it applied the statute of frauds to bar BCI’s claims for breach of fiduciary duty, legal malpractice, and unjust enrichment. For the reasons set forth herein, we affirm in part and reverse in part.
I. Background
In July 1999, Williamson entered into negotiations to purchase a piece of commercial property from Pioneer Concrete Tile, Inc., for $250,000, which was well below the fair market value of $400,000.[1] At that time, Williamson was engaged in a tax dispute with the Internal Revenue Service. To avoid complications with the real estate purchase arising from the tax dispute, Williamson’s attorney, Amber Vojak, advised Williamson to have BCI — which was a for-profit corporation owned and operated by Williamson’s wife, Carolyn Williamson — purchase the property. BCI retained Vojak to consummate the purchase of the property. Vojak secured a written contract in October 1999.
Shortly thereafter, Vojak informed BCI that she changed her opinion and believed that another entity should be formed to purchase the property, rather than BCI. According to BCI, Vojak convinced BCI that Vojak — -through the new entity— would purchase the property and hold it until the tax dispute was resolved at which point she would then convey the property to BCI. In return for this arrangement, Vojak would receive one of the bays in the commercial property. BCI agreed with Vojak’s offer, and as a result, Vojak formed a new corporation, Bay-One Enterprises, Inc., and required Mrs. Williamson to execute an assignment of BCI’s interest in the purchase contract to Bay-One. It is undisputed that BCI paid for the cost of creating and incorporating *45 Bay-One as well as the payments on the note and mortgage of the commercial property.
Bay-One took title to the property in November 1999. Shortly after the sale was recorded, BCI requested Vojak to provide a sales contract to it so that it could obtain financing to purchase the property from Bay-One. Vojak did not provide a sales contract until February 2000. In an addendum to the contract, Vojak included a provision which gave her a $50,000 first-position security interest. Consequently, BCI was unable to obtain financing due to Vojak’s position as a first-mortgage holder. BCI then requested that Vojak relinquish her first-mortgage holder status to enable BCI to obtain financing, but Vojak refused. Although Vo-jak advised BCI that she could obtain a mortgage on behalf of BCI, she failed to do so. On April 25, 2000, Vojak informed BCI that the contract expired and that she would not extend the contract time to allow BCI to seek alternative financing. Vo-jak ultimately sold the property to other parties for an aggregate sales price of $574,669.78 and kept the profits from the sale for herself.
BCI then filed a complaint against Vojak alleging several different grounds for relief. There were numerous dismissals and amendments of the claims, but only the fifth and sixth amended complaints are relevant here. In the fifth amended complaint, BCI alleged claims for breach of fiduciary duty, malpractice/negligence, unjust enrichment, and constructive trust. Vojak filed a motion to dismiss the breach of fiduciary duty, unjust enrichment, and constructive trust claims on the basis that they were essentially seeking relief for breach of an oral agreement to convey real property and thus were barred by the statute of frauds. Vojak also argued that due to BCI’s failure to comply with the Florida Rules of Civil Procedure, BCI should be required to file an amended pleading “should any counts remain after the Court’s determination of this motion to dismiss.” The trial court granted the motion to dismiss without prejudice as to the breach of fiduciary duty and legal malpractice claims. However, as to the unjust enrichment and constructive trust claims, the trial court dismissed them with prejudice.
BCI then filed its sixth amended complaint alleging claims of breach of fiduciary duty and legal malpractice. Vojak then filed her motion to dismiss the sixth amended complaint with prejudice and again raised the issue of the statute of frauds, arguing that both claims arose from an alleged failure to perform an oral agreement to convey real property. The trial court granted Vojak’s motion and entered an order dismissing the sixth amended complaint with prejudice. In doing so, the trial court ruled that “it is clear from the face of the complaint that the real basis for the causes of action [is] a breach of the oral contract [which is] disallowed by the [s]tatute of [fjrauds” and that “[t]he repackaging of the breach of contract claim into tort actions does not ... alleviate the Plaintiffs of the limitations placed on them by the [s]tatute of [fjrauds.”
BCI now challenges the dismissals of the constructive trust, breach of fiduciary duty, legal malpractice, and unjust enrichment claims.
II. Analysis
a. Standard of review
“[O]n a motion to dismiss for failure to state a cause of action, the circuit court may look only within the four corners of the complaint, must accept the plaintiffs allegations as true, and must resolve all inferences in the plaintiffs fa *46 vor.” Wilson v. News-Press Publ’g Co., 738 So.2d 1000, 1001 (Fla. 2d DCA 1999). “[A] court should not dismiss a complaint with prejudice if it is actionable on any ground.” Id.
“Because the sufficiency of a complaint is a matter of law, we review the matter de novo.” Conner, I, Inc. v. Walt Disney Co., 827 So.2d 318, 319 (Fla. 5th DCA 2002) (citing Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001)); see also Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000).
b. The constructive trust claim was properly dismissed.
In seeking dismissal of the constructive trust claim, Vojak argued that it was barred by the statute of frauds because it was based on the breach of an oral agreement to convey real property. The trial court apparently agreed with this argument because it dismissed this claim with prejudice, though it offered no explanation in doing so.
We agree that this claim was properly dismissed with prejudice, though for a different reason than that relied upon by the trial court. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (recognizing that an appellate court can uphold a trial court ruling even if it is based on improper reasoning if there is any theory in the law which would support the ruling). We base our decision on the fact that “[a] constructive trust ... is not a traditional cause of action; it is more accurately defined as an equitable remedy.” Collinson v. Miller, 903 So.2d 221, 228 (Fla. 2d DCA 2005). Consequently, because a constructive trust is not itself a cause of action but, rather, something which “must be imposed based upon an established cause of action,” see id., we hold that the trial court did not err in dismissing BCI’s claim for a constructive trust with prejudice.
c. The statute of frauds does not apply to bar the claims for breach of fiduciary duty and legal malpractice, and those claims were improperly dismissed with prejudice.
We recognize that while the statute of frauds is typically an affirmative defense, it may be raised in a motion to dismiss where its application appears on the face of the complaint. See Cohodas v. Russell, 289 So.2d 55, 58 (Fla. 2d DCA 1974); Conner, I, Inc., 827 So.2d at 319. Vojak insists that the application of the statute of frauds is apparent from the face of the complaint here because section 725.01, Florida Statutes (2007), requires that contracts for the sale of land be reduced to writing and that the breach of fiduciary duty and legal malpractice claims are merely repackaged breach of contract claims. In making this argument, Vojak relies on Canell v. Arcola Housing Corp., 65 So.2d 849, 850-51 (Fla.1953), and Boldstar Technical, LLC v. Home Depot, Inc., 517 F.Supp.2d 1283, 1289 (S.D.Fla.2007).
We find, however, that both Canell and Boldstar are distinguishable. In Canell, although the plaintiffs alleged claims of fraud and deceit, the claims were based on the defendant’s failure to construct certain amenities in a housing subdivision in which the plaintiffs had purchased lots. 65 So.2d at 850. Thus, the claims there were clearly “predicated upon the alleged breach of an oral promise concerning an easement in land,” something which is clearly subject to the statute of frauds. Id. at 850-51.
In Boldstar, the plaintiff argued that it was fraudulently induced into producing safety apparatuses for radial arm saws for Home Depot based on Home Depot’s promise to purchases the units for all of its *47 stores and Home Depot’s subsequent failure to go through with the purchases. 517 F.Supp.2d at 1286-89. Although Boldstar alleged a claim for patent infringement, arguing that Home Depot had arranged with another company to purchase copied versions of the safety apparatus so that Home Depot could eventually manufacture the units itself, the court determined that the claim was barred by the statute of frauds because it was “essentially a contract claim repackaged as a tort action.” See id. at 1289 (citing section 672.201(1), Florida Statutes, for the proposition that the statute of frauds applies to claims dealing with the sale of goods worth $500 or more).
But here, the claims for breach of fiduciary duty and legal malpractice are not merely repackaged claims for breach of an oral contract to convey real property. Instead, they are separate claims which stand on their own based on Vojak’s failure to act in BCI’s best interests. Vojak was retained by BCI to “secure and ensure the purchase” of the property at issue. BCI allowed Vojak to go through with the purchase via Bay-One based on Vojak’s representations concerning the ramifications of Mr. Williamson’s tax dispute and based on Vojak’s promise to hold the property in trust for BCI.
 Thus this case involves a special relationship between the parties. And because Vojak is an attorney who engaged in self-dealing with her client, Vojak was required to “exercise a much higher standard of good faith than is required in ordinary business dealings or arm’s length transactions.” Brigham v. Brigham, 11 So.3d 374, 386 (Fla. 3d DCA 2009). Although not prohibited, these types of situations are deemed presumptively fraudulent when they are alleged to be unfair, and the attorney must “prove complete good faith and the total absence of fraud or overreaching.” Id. at 386-87. To meet this burden, an attorney must prove she exercised no undue influence and gave her client full and complete information regarding the transaction; if the attorney cannot do so, she may be found to have breached her fiduciary duty. See id. at 387.
Here, as a basis for the breach of fiduciary duty claim, BCI alleged that Vojak: (1) secretly named herself as the sole director, shareholder, and officer of Bay-One; (2) delayed in providing a sales contract to BCI so that it could attempt to obtain financing for the purchase of the property; (3) refused to relinquish her first-mortgage position thereby preventing BCI from obtaining financing; (4) failed to assist BCI in securing financing so that the sales contract expired and then refused to extend the contract sales time; and (5) sold the property for a much higher price than what BCI would have paid, thereby profiting at BCI’s expense. These claims do not arise from Vojak’s alleged failure to abide by an oral promise to convey the property to BCI. Rather, we construe these claims to arise from Vojak’s alleged bad faith conduct which directly contravened BCI’s interests.
Likewise, BCI’s claim for legal malpractice does not arise from a breach of contract claim. BCI alleged that it retained Vojak to protect its interests in the purchase of the property and that Vo-jak neglected or intentionally breached her reasonable duty to protect those interests. BCI also alleged that Vojak’s advice and omissions were below the acceptable standard of skill and competence required by an attorney. This claim, then, was predicated on Vojak’s alleged ineptitude in her professional capacity which resulted in harm to BCI.
*48 Both the breach of fiduciary duty and legal malpractice claims are independent tort claims which stand alone from the existence of any purported oral contract to convey the property.[2] Consequently, they were not subject to the statute of frauds and the trial court erred by dismissing them with prejudice on that basis.
d. The unjust enrichment claim was not subject to the statute of frauds and was improperly dismissed with prejudice.
Like the constructive trust claim, the trial court dismissed the unjust enrichment claim with prejudice without further explanation. But the trial court apparently accepted Vojak’s argument that the statute of frauds barred the unjust enrichment claim because it was merely a repackaged claim of breach of an oral agreement to convey real property.
However, as with the breach of fiduciary duty and legal malpractice claims, we do not believe the unjust enrichment claim arose out of an oral contract to convey real property. BCI alleged that Vojak appreciated and retained a special benefit at the expense of BCI, to wit: she purchased a piece of commercial property for a price that was a fraction of what the property was really worth. BCI further alleged that Vojak was only able to do this due to BCI’s long-standing relationship with Pioneer. BCI asserted it was entitled to an “equitable share of the profits resulting from the sale of the property in accordance with the proportionate share of the services and benefits that were received due to [its] efforts.” This claim, then, was not based on a contract for the sale of lands but was an equitable claim resulting from Vojak’s allegedly improperly profiting at BCI’s expense. See Brace v. Comfort, 2 So.3d 1007, 1011 (Fla. 2d DCA 2008) (finding that unjust enrichment claim which asserted that third party obtained property of greater value for a lesser cost at appellant’s expense was equitable in nature and, therefore, that the statute of frauds did not apply). Consequently, the statute of frauds does not apply to bar this claim, see id., and the trial court erred by dismissing it with prejudice on that basis.
III. Conclusion
We conclude that the constructive trust claim was properly dismissed with prejudice. However, we hold that the trial court erred by applying the statute of frauds to bar the claims for breach of fiduciary duty, legal malpractice, and unjust enrichment, and we therefore reverse the dismissals of those claims.
Affirmed in part, reversed in part, and remanded for proceedings in conformance with this opinion.
DAVIS and VILLANTI, JJ„ Concur.

. The significantly reduced purchase price was apparently offered to Williamson based on his long-standing business relationship with Pioneer.

. Florida law recognizes that breach of fiduciary duty and malpractice claims may be raised, even where a contract exists, as long as the tort claims are independent from the underlying contract. See Moransais v. Heathman, 744 So.2d 973, 981, 983 (Fla.1999) (recognizing that claims of fraudulent inducement and negligent misrepresentation were not barred by economic loss rule where they were independent from underlying contract and holding that "the mere existence of ... a contract [for professional services] should not serve per se to bar an action for professional malpractice”); Hallock v. Holiday Isle Resort & Marina, Inc., 4 So.3d 17, 20 (Fla. 3d DCA 2009) (noting prior decision which cited Mor-ansais for proposition that economic loss rule did not abolish cause of action for breach of fiduciary duty even if there was underlying oral or written contract).